Law Offices of
**MICHAEL W. CARMEL, LTD.**
80 East Columbus Avenue
PHOENIX, ARIZONA 85012-2334
PH: (602) 264-4965
FAX: (602) 277-0144

Michael W. Carmel, Esq., SBN 007356
e-mail: michael@mcarmellaw.com
Attorney for Debtors-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>STYLING TECHNOLOGY CORPORATION, et al.,<br><br>Debtors. | In Proceedings Under Chapter 11<br><br>Case No. 00-09473-ECF-CGC<br>through 00-09483-ECF-CGC<br>(Jointly Administered) |
| STYLING TECHNOLOGY CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FOLEY & LARDNER and ABC CORPORATIONS 1-10,<br><br>Defendants. | Adversary No. 02-939<br><br>**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS** |

STYLING TECHNOLOGY CORPORATION, et al., the consolidated Debtor-in-Possession ("Styling" or "Debtors"), by and through their undersigned attorneys, alleges for its complaint against FOLEY & LARDNER (the "Defendant"), as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Styling is a Delaware corporation with its principal place of business located in Scottsdale, Arizona, which was consolidated by Order of this Court entered on

September 8, 2000, with its other affiliates, including Styling Technology Nail Corporation, STYL Institute, Inc., U.K. ABBA Products Inc., Beauty Brands Inc., Cosmetics International, Inc., European Touch, LTD. II, Styling Technology (UK) Limited, Styling Technology Export Corporation, Ft Pitt-Framesi, Ltd. (collectively, "Styling").

2. Upon information and belief, Defendant conducted business with Styling to August 31, 2000 (the "Petition Date").

3. This Court has jurisdiction over the issues raised in this adversary proceeding pursuant to 28 U.S.C. § 1334 and General Order 128 of the United States District Court for the District of Arizona.

4. Venue is proper in the United States Bankruptcy Court for the District of Arizona pursuant to 28 U.S.C. § 1409.

5. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(B), (E), (F) and (O).

6. Upon information and belief, ABC Corporations 1-10 are affiliates, divisions, successors in interest, subsidiaries, or related companies to Defendant(s) and may have received avoidable transfers or setoffs, either as an initial transferee or subsequent transferee. Styling will seek to amend this Complaint as discovery reveals the relationship to Defendant(s), if and when necessary.

7. Styling hereby reserves the right to amend this Complaint to assert additional claims and causes of action, including, but not limited to, those identified through discovery and any affirmative defenses to the Defendant's pleadings, if any.

### Preference 11 U.S.C. § 547

8. Styling incorporates herein by reference all allegations contained in paragraphs 1 through 7 above.

9. On August 31, 2000 (the "Petition Date"), Styling filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code").

10. On or within 90 days prior to the Petition Date, Styling made transfers to the Defendant in the amount of $25,805.00 (the "Transfers").

11. The Transfers were made to or for the benefit of the Defendant.

12. The Transfers were made for or on account of an antecedent debt owed by Styling before the Transfers were made.

13. The Transfers were made while Styling was insolvent.

14. The Transfers enabled the Defendant to receive more than it would have received as a creditor if: (a) the Transfers had not been made; and (b) the Defendant had received payment on the debt it was owed to the extent provided in a case under Chapter 7 of the Bankruptcy Code.

15. Styling is entitled to avoid and recover, for the benefit of the estate, the Transfers, or the value thereof, pursuant to Section 547 of the Bankruptcy Code.

16. The Transfers are recoverable from the Defendant as avoidable preferences pursuant to Section 547 of the Bankruptcy Code.

**WHEREFORE**, Styling requests a judgment be entered against the Defendant as follows:

    a. For avoidance of the Transfers pursuant to Section 547 of the Bankruptcy Code in the total amount identified in Paragraph 10;

    b. For pre-judgment interest at the maximum legal rate pursuant to 28 U.S.C. § 1961 on the Transfers from the earliest date allowed by law until date of judgment;

    c. For post-judgment interest at the maximum legal rate pursuant to 28 U.S.C. § 1961 from the date of judgment until paid in full;

    d. For an award of Styling's attorneys' fees and costs; and

1  e. For such other and further relief as the Court may deem just and appropriate.
2  DATED this 28th day of August, 2002.

LAW OFFICES OF
MICHAEL W. CARMEL, LTD.

By: *[signature]*
Michael W. Carmel
Attorney for Debtors-in-Possession